**FREEMAN MATHIS & GARY, LLP**
MATTHEW S. JONES / Bar No. 292037
mjones@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071-2627
(213) 615-7000

**FREEMAN MATHIS & GARY, LLP**
JOHN L. KORTUM / Bar No. 148573
john.kortum@fmglaw.com
1850 Mt. Diablo Blvd., Suite 510
Walnut Creek, California 94596
(415) 214-0058

Attorneys For Specially Appearing Defendant
SHELTER MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Shelter Mutual Insurance Company, <br><br> Defendant. | Case No. 2:24-cv-10355-FMO-(JPRx) <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY SPECIALLY APPEARING DEFENDANT SHELTER MUTUAL INSURANCE COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: March 20, 2025 <br> Time: 10:00 a.m. <br> Location: Courtroom 6D |

-1-
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY SPECIALLY APPEARING
DEFENDANT SHELTER MUTUAL INSURANCE COMPANY; MEMORANDUM OF POINTS AND

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 20, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Fernando M. Olguin, United States District Court Judge of the above-entitled court, located at the United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, Specially Appearing Defendant Shelter Mutual Insurance Company ("Defendant") will move the Court for an order dismissing Defendant.

The motion for relief is made pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that no summons was ever served on Defendant, that Plaintiff's proof of service is unsigned and is replete with inaccuracies, and so the Court did not and does not have personal jurisdiction over Defendant.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the papers and records on file in this action, and such other evidence as may be presented at the hearing.

Dated: February 17, 2025         FREEMAN MATHIS & GARY, LLP

By: /s/ John L. Kortum

John L. Kortum
Attorneys for Specially Appearing
Defendant SHELTER MUTUAL
INSURANCE COMPANY

**Freeman Mathis & Gary, LLP**
Attorneys at Law

-2-
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY SPECIALLY APPEARING DEFENDANT SHELTER MUTUAL INSURANCE COMPANY; MEMORANDUM OF POINTS AND

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Named Defendant Shelter Mutual Insurance Company, specially appearing herein, requests the Court to dismiss Defendant under Rule 12(b)(2) for lack of personal jurisdiction. Although plaintiff's proof of service states that a summons had been served in this action, none has. The Court file contains no summons whatsoever. With no summons issued, no summons was served, and as a result, the Court does not have personal jurisdiction over Defendant.

## SUMMARY OF PERTINENT FACTS

Plaintiff Artis-Ray: Cash, in *pro per*, filed the complaint in this action on December 2, 2024.[1] Docket No. 1. In the first proof of service on file on PACER, filed December 11, 2024, a person identified as Sheena Wood, located in Arlington, Texas, claims she served "copies of the summons, complaint, and certificate and notice of interested parties" by mail on CSC – Lawyers Incorporating Service Company. Docket No. 8. The proof of service is not signed in cursive but Sheena Wood's typed name is included. The Court issued a "NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT" stating that "Document lacks required signature." Thereafter, a second proof of service was filed on January 1, 2025. Docket No. 12. This proof of service does not cure the lack of signature that the Court regarded as deficient in the December 11, 2024, filing. The second proof of service includes a photograph of the CERTIFIED MAIL RECEIPT received by the sender from the postal service (USPS). Ms. Wood's proof of service states that "[a] copy of the signed return receipt is attached" but this is plainly untrue because there is no signature on it. A CERTIFIED MAIL RECEIPT is not a "signed return

---

[1] The complaint initiating this action is one of approximately seventeen open cases filed by Artis-Ray: Cash in the Central District in the recent year. It appears that there have been different rulings on plaintiff's requests to proceed *in forma pauperis*.

receipt." The receipt contains the tracking number which, when tracked online, indicates that the package was received by the USPS on December 11, 2024, in Arlington, Texas and "Delivered, Left with Individual" in Jefferson City, MO on December 17, 2024, without further detail or signature.

Plaintiff filed a Request For Entry Of Default on January 1, 2025. Docket No. 11. In this request, plaintiff states that "[o]n 12/12/2024, Defendant was properly served with the Summons and Complaint as evidenced by the Proof of Service filed with the Court on 12/13/2024." This is plainly erroneous as the tracking number merely indicates that the USPS received the package on December 11, 2024, not that it was delivered or that service was effective.

Plaintiff filed a second Request For Entry Of Default on January 5, 2025. Docket No. 13. In this request, plaintiff states that "Defendant was served with the Summons and Complaint on December 10, 2024, as evidenced by the Proof of Service filed with the Court on December 11, 2024." This is plainly erroneous as the tracking number's online information indicates that the USPS received the package on December 11, 2024, not on December 10th as stated, and that service was not effective as of December 10th.

Further, the proofs of service and Plaintiff's requests for default state that the summons and complaint were served. However, it appears that Plaintiff never submitted a summons to the Court for issuance and the Court file does not include a summons. Moreover, without a summons being issued by the Court, Defendant is not in receipt of a summons.

On January 13, 2025, the Clerk of Court filed a "DEFAULT BY CLERK." Docket No. 14. On February 3, 2025, the Court granted Defendant's motion to set aside the clerk's entry of default. Docket Nos. 20 & 26.

## DISCUSSION

First, there is no indication in the Court file and docket that a summons was ever issued by the Court. See Fed. R. Civ. Proc. Rule 4(b) ("If the summons is

properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served."). Without a summons, the Court has no personal jurisdiction.

Second, Plaintiff never cured the deficiency noted by the Court that there is no signature on the proof of service, so the Court has no basis for determining that the proper service of any summons was made.

Third, the two proofs of service are riddled with plain inaccuracies and cannot be relied upon.

Fourth, although the proofs of service state that mail service is "in compliance with the California Code of Civil Procedure," Plaintiff did not provide a return receipt indicating service. Under California Code of Civil Procedure § 415.40, "[a] summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." No return receipt was provided by Plaintiff in the proof of service.

## CONCLUSION

For the above stated reasons, Defendant should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

Dated: February 17, 2025            **FREEMAN MATHIS & GARY, LLP**

By: /s/ John L. Kortum

JOHN L. KORTUM
Attorneys For Specially Appearing
Defendant SHELTER MUTUAL
INSURANCE COMPANY

# PROOF OF SERVICE

**Artis-Ray Cash, Jr. v. Shelter Mutual Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business address is 1850 Mt. Diablo Blvd, Suite 510, Walnut Creek, CA 94596. My electronic service address is: sophia.vista@fmglaw.com.

On February 17, 2025, I served a true and correct copy of the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY SPECIALLY APPEARING DEFENDANT SHELTER MUTUAL INSURANCE COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**

on the interested parties in this action as stated on the ATTACHED SERVICE LIST.

[X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Walnut Creek, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **BY E-MAIL OR ELECTRIC TRANSMISSION** I caused a copy of the document (s) to be sent from e-mail address sophia.vista@fmglaw.com to the persons at the e-mail address listed on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 17, 2025, at Walnut Creek, California.

|   Sophia L. Vista   |   /s/ *Sophia L. Vista*   |
| (Type or print name) | (Signature) |

**FREEMAN MATHIS & GARY, LLP**
1850 Mt. Diablo Blvd., Suite 510
Walnut Creek, California 94596

1
**PROOF OF SERVICE**

# SERVICE LIST

*Artis-Ray Cash, Jr. v. Shelter Mutual Insurance Company*

| | |
|---|---|
| **Artis-Ray Cash, Jr.**<br>**Plaintiff, IN PRO PER**<br>**453 South Spring Street, Suite 400**<br>**PMB 1211**<br>**Los Angeles, California  90013**<br><br>**Tel:    831-346-2562**<br><br>**Email(s):        artiscashjr@yahoo.com** | *Plaintiff, IN PRO PER* |
| | |

**FREEMAN MATHIS & GARY, LLP**
1850 Mt. Diablo Blvd., Suite 510
Walnut Creek, California 94596